UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUSTAFA WRIGHT,

    Petitioner,

    v.       CAUSE NO. 3:20-CV-107-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Mustafa Wright, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-11-216) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of possessing a cellular device in violation of Indiana Department of Correction Offenses 121. He was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Mr. Wright argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to find him guilty of possessing a cellular device because another inmate left a cellphone in his cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer said that he searched Mr. Wright's cell and found a cellphone and a charger in a hat on his bunk. ECF 5-1. The administrative record also includes a statement from another correctional officer confirming the conduct report and photographs of the confiscated items. ECF 5-2; ECF 5-3. These documents constitute some evidence that Mr. Wright possessed a cellphone. The claim that the hearing officer lacked sufficient evidence for a finding of guilt provides no basis for habeas relief.

Mr. Wright argues that he wasn't screened and didn't receive notice of the disciplinary hearing. He says that no screening report exists with his signature or the initials of a screening officer indicating that he refused to be screened. He says that this deprived him of the opportunity to request witnesses and documentary evidence. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974).

The administrative record includes a screening report for the disciplinary charge with the initials of the screening officer indicating that Mr. Wright requested a lay advocate but refused to be screened. ECF 5-4. It also includes the conduct report with Mr. Wright's signature indicating that he received it ten days before the hearing, and Mr. Wright's administrative appeal indicating that he received assistance from the lay advocate requested at the attempted screening. ECF 5-1, ECF 5-10. Further, Mr. Wright attached to his petition a document notifying him that his disciplinary

2

hearing would be held on or before December 5, 2018. ECF 1-1 at 3. In the petition, Mr. Wright explains that correctional staff have refused to provide him with any documents from the administrative record for this case (ECF 1 at 3), so it appears that he got this notice of postponement via mail on or around November 25, 2018, as indicated in the notice. In sum, the record shows that Mr. Wright received notice of the charges and of the disciplinary hearing. Additionally, Mr. Wright doesn't explain what evidence he would have requested at screening or presented at the hearing or how such evidence would have affected the outcome of the case. Consequently, the court concludes that the allegations of inadequate notice are untrue, and if true, would constitute harmless error at best. See Jones v. Cross, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003) (same). This claim is not a basis for habeas relief.

Mr. Wright also argues that he is entitled to habeas relief because the hearing officer wasn't an impartial decisionmaker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. Nothing in this record suggests that the hearing officer had any personal involvement in the underlying charge, and Mr. Wright offers no other explanation as

3

to why he thinks the hearing officer was not impartial. As a result, the claim of improper bias is not a basis for habeas relief.

Because Mr. Wright has not asserted a valid claim for habeas relief, the habeas petition is denied. Mr. Wright wouldn't need a certificate of appealability because he is challenging a prison disciplinary proceeding, see Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009), but he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Mustafa Wright leave to proceed in forma pauperis on appeal.

SO ORDERED on April 19, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT